IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH BOSTIC, | : |
| Plaintiff, | : |
| v. | : Civ. No. 06-150-JJF |
| CMS (Correctional Medical Services), PHS (Professional Health Services), FMS (First Correctional Medical), DR. KO, DR. OSTRICH, DR. IVEN, and MEDICAL STAFF, | : |
| Defendants. | : |

## MEMORANDUM ORDER

Plaintiff Joseph Bostic ("Bostic"), an inmate at the Delaware Correctional Center ("DCC"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and on March 17, 2006, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 4.) The Court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the claims against PHS, FMS, and the Medical Staff will be dismissed without prejudice for failure to state a claim up which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

I.  **THE COMPLAINT**

Plaintiff alleges that he is a diabetic and became a dialysis patient in 1986. He alleges that he was diagnosed with cataracts and glaucoma and was told by Dr. Ko he was in need of

eye surgery. He alleges that from 1998 through 2000 medical appointments were made and then postponed. Plaintiff alleges that the surgery was finally performed in 2003, but he went completely blind. He alleges that the surgeons indicated that he "had been brought to [sic] late and if he "had been brought sooner they may have saved" his sight. (D.I. 2.) Plaintiff alleges that Drs. Ko, Iven, and Ostrich were involved in his diagnoses and eventual blindness. He also alleges that CMS was the medical provider at DCC during the time of his medical problems.

Plaintiff seeks compensatory and punitive damages and injunctive relief.

**II. STANDARD OF REVIEW**

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

Pro se complaints are liberally construed in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). The

Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## III. ANALYSIS

To state a viable § 1983 claim, a plaintiff must allege facts showing a deprivation of a constitutional right, privilege or immunity by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Additionally, a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir.1978)).

Finally, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003)(quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Plaintiff names as defendants PHS, FMS and the Medical Staff. There are no allegations in the complaint to sufficiently apprise these three Defendants of any claim Plaintiff attempts to bring against them. The complaint fails to set forth any acts or inactions of these Defendants and it does not indicate when the alleged acts took place.

As the complaint now stands, the allegations against PHS, FMS and the Medical Staff do not rise to the level of a constitutional violation. Therefore, the claims against PHS, FMS and the Medical Staff are dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

IV. CONCLUSION

NOW THEREFORE, at Wilmington this 13 day of July, 2006, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall cause a copy of this order to be mailed to Plaintiff.

2. Plaintiff's claim against Defendants PHS, FMS and the Medical Staff are **DISMISSED** without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

3. The Court has identified a cognizable Eighth Amendment medical needs claim against Defendants CMS (Correctional Medical Services), Dr. Ko, Dr. Ostrich and Dr. Iven. Plaintiff is allowed to **PROCEED** against these Defendants.

4. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), Plaintiff shall complete and return to the Clerk of the Court an **original** "U.S. Marshal-285" form for **remaining Defendants CMS (Correctional Medical Services), Dr. Ko, Dr. Ostrich, and Dr. Iven**, as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to Del. Code Ann. tit. 10, § 3103(c). Plaintiff has provided the Court with copies of the complaint (D.I. 2) for service upon the remaining Defendants. Plaintiff is notified that the United States Marshal will not serve the complaint **until all "U.S. Marshal 285" forms have been received by the Clerk of the Court. Failure to provide the "U.S. Marshal 285" forms for the Defendant(s) and the attorney general within 120 days from the date of this order may result in the complaint being dismissed or Defendant(s) being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

5. Upon receipt of the forms required by paragraph 4 above, the United States Marshal shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order, and a "Return of Waiver" form upon Defendants identified

in the 285 forms.

6. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a Defendant, the United States Marshal shall personally serve said Defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said Defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

7. Pursuant to Fed. R. Civ. P. 4(d)(3), a Defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a Defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

8. No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

9. **NOTE:** *** When an amended complaint is filed prior to service, the Court will **VACATE** all previous service orders

entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). **\*\*\***

10. **NOTE: \*\*\*** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. **\*\*\***

                                                    _[signature]_
                                                UNITED STATES DISTRICT JUDGE

FILED
JUL 1 3 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE